IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-4796-TLW |
| | ) |
| Upland Police Department; Norwood, | ) |
| Police Department; Enterprise Rental Car; | ) |
| Commonwealth of Pennsylvania; Dollar | ) |
| Rent A Car, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On December 2, 2015, Plaintiff John S. Stritzinger, proceeding *pro se*, brought this action against Defendants Upland Police Department, Norwood, Police Department, Enterprise Rental Car, Commonwealth of Pennsylvania, and Dollar Rent A Car. (ECF No. 1). On the same day, Plaintiff filed a motion construed as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 3). On January 27, 2016, United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), issued an Order directing Plaintiff, *inter alia*, to bring the case into proper form by filing the necessary service documents, and by either paying the filing fee or providing sufficient information to make a determination of indegency. (ECF No. 18 at 2). Subsequently, Plaintiff filed eight motions.[1] Despite the Court's warning that failure to comply with the Proper

---

[1] Plaintiff filed a Motion to Amend/Correct Amended Complaint, Motion for Reconsideration, Motion for Judgment on Submission, Motion to Waive Rights to District Court, and Motion for Specific Findings of Facts, (ECF No. 20); a Motion to Transfer Docket Entries from Pennsylvania, (ECF No. 21); and Motions for Reconsideration re Proper Form Order and to Appoint Counsel, (ECF No. 29).

Form Order, (ECF No. 18), could result in the dismissal of his case, these filings failed to bring the action into proper form.

On April 6, 2016, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that this Court deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action without prejudice based on Plaintiff's failure to comply fully with the Orders of the Court. (ECF No. 34). Plaintiff filed timely Objections to the Report on April 15, 2016. (ECF No. 36).

This matter is now before the Court for review of the Magistrate Judge's Report. In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the Objections. After an appropriate review, the Report is **ACCEPTED** and the Plaintiff's objections are **OVERRULED**. Plaintiff's Complaint is hereby **DISMISSED** without prejudice and without issuance of service of process for the reasons stated by the Magistrate Judge.

Since filing his Objections, Plaintiff has filed several purported motions in this case.[2] In light of the dismissal of the Complaint, all remaining pending motions are **TERMINATED AS MOOT**. The Court also notes that it has appropriately considered these filings and finds each to be without sufficient legal merit.  *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

August 4, 2016
Columbia, South Carolina

---

[2] Plaintiff filed a "Motion to Amend/Correct Amended Complaint and for Damages from Dollar Rental Car and the State of Maryland," "Motion to Amend/Correct Amended Complaint and to Add Party Cincinnati Bell Telephone," "Motion to Reopen Cause under FRCP50," and a "Motion to Issue Summons." (ECF Nos. 37, 38, 40, and 41).